UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENDA A. SMITH,
      Plaintiff,

vs.

CITY OF WYOMING, et al.,
      Defendants.

Case No. 1:13-cv-915

Spiegel, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION[1]

This civil action is before the Court on Defendants' motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10). Defendants' motion to dismiss has been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, and in light of the filing of Plaintiffs' amended complaint, I now recommend that the Defendants' motion to dismiss be DENIED as MOOT.

**I.    Background and Procedural History**

Plaintiff Glenda Smith filed the original complaint in this matter on January 3, 2014, against the City of Wyoming and several of its police officers alleging civil rights violations, false arrest, false imprisonment, assault and battery, intentional infliction of emotional distress and defamation. Plaintiffs' complaint arises out of several visits to her residence by Wyoming police officers. Plaintiff specifically names the City of Wyoming and seven of its officers, including Lieutenant Rusty Herzog, Sergeants Mike World, Brian Berigan, and Steve Ballinger and Officers Jennifer Krummen (misidentified in Plaintiff's Complaint as

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Jennifer Kruman), Mitch Murphy, and John McGillis.

On February 28, 2014, Defendants filed the instant motion to dismiss, any and all claims asserted by Plaintiff against Rusty Herzog, Mitch Murphy and Brian Berigan because Plaintiff's Complaint contains no factual matter, even when accepted as true, that states a claim to relief that is plausible on its face against any of those Defendants. (Doc. 10). Thereafter, Plaintiff filed an amended complaint on April 10, 2014. (Doc. 17). Defendants' filed an answer to the amended complaint on April 22, 2014. (Doc. 18). In an effort to cure the alleged deficiencies in the original complaint, the amended complaint includes additional factual and legal allegations as to Defendants Rusty Herzog, Mitch Murphy and Brian Berigan.

## II.     Analysis

"The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward." *Greater Cincinnati Coalition for Homeless v. City of Cincinnati*, No., 1:08-cv-603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009) (quoting 6 Wright, Federal Practice & Procedure § 1476, at 556-57 (2nd ed. 1990 & Supp. 2001)). Once an amended pleading is filed, the original pleading no longer performs any function in the case. *Hartman v. Register*, No. 1:06-cv-33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007). Any subsequent motion filed by the opposing party should be directed at the amended pleading. *Id.*

In that regard, the filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). *See also Hartman,* 2007 WL 915193, at *6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the

subsequent filing of a second amended complaint); *Pethtel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"); *Hibbets v. Lexington Ins. Co.*, No. 07-5169, 2008 WL 373608, at *1 (E.D. La. Feb. 7, 2008) ("even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially given that the Defendant does not object to the filing of the amended complaint.").

Only in the rare case, where the amended complaint is "substantially identical to the original complaint," may a properly filed amended complaint be insufficient to moot the motion to dismiss. *Greater Cincinnati Coalition for the Homeless,* 2009 WL 3029661, at *4. For example, when a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss. *In Re: GI Holdings*, 122 F. App'x 554, 556 (3rd Cir. 2004). Notably, in both *Pethel* and *Yates*, the Court found the amended complaint to be substantially identical to the original complaint, where the amended complaint merely designated additional parties and did not attempt to cure the alleged defects in the original complaint. *See Pethel*, 2007 WL 2359765, at *2; *Yates*, 205 F.R.D. at 499.

In the instant case, however, the amended complaint is not "substantially identical" to the original complaint because it specifically addresses the issues raised in Defendants' motion to dismiss. As detailed above, the amended complaint includes additional factual and legal allegations in support of Plaintiffs' claims relating to Defendants Rusty Herzog, Mitch Murphy and Brian Berigan. (Doc. 12). Moreover, Defendants have not provided any indication to the Court that their pending motion to dismiss the original complaint should be

directed to the amended complaint. Since the amended complaint effectively moots Defendants' motion to dismiss because it directly addresses the issues raised therein, this Court should decline review of the underlying claims.

### III. Conclusion

Based on the foregoing, the Court hereby **RECOMMENDS** that Defendants' motion to dismiss the original complaint (Doc. 10) be **DENIED as MOOT**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GLENDA A. SMITH,<br>        Plaintiff, | Case No. 1:13-cv-915 |
| vs. | Spiegel, J.<br>Bowman, M.J. |
| CITY OF WYOMING, et al.,<br>        Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).